# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES,

                                       Crim. No. 21-00060(1) (JRT/DJF)

                    Plaintiff,

v.

                               **MEMORANDUM OPINION AND ORDER**

ANDREW JEROME BIGBEE,           **ON REPORT AND RECOMMENDATION**

                    Defendant.

Chelsea A. Walcker and Nathan Hoye Nelson, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Daniel P. Repka, **REPKA LAW, LLC**, 351 Fifteenth Avenue North, South Saint Paul, MN 55075, for Defendant.

Defendant Andrew Bigbee was indicted in a superseding indictment on one count of conspiracy to distribute a controlled substance and three counts of possession with intent to distribute a controlled substance. Bigbee challenged the probable cause for the anticipatory search warrant used to search his residence and moved to suppress the fruits of the search. Magistrate Judge Becky Thorson held a hearing on the motion and issued a Report and Recommendation ("R&R") denying Bigbee's motion to suppress. Bigbee objects to the R&R. Because there was sufficient probable cause for the search warrant, the Court will overrule Bigbee's objection and adopt the R&R.

**BACKGROUND**

I.    **FACTS**

Drug Enforcement Agent ("DEA") Task Force Officer Anthony Fletcher applied for and received an anticipatory search warrant in state court to search Defendant Andrew Jerome Bigbee's residence located in Elko, Minnesota (the "Elko Residence"). (Resp. Opp. 3rd Mot. Suppress Evid., Ex. 13 ("Warrant Appl."), July 7, 2022, Docket No. 129-1.) The warrant application contained an affidavit pertaining to Officer Fletcher's search request, his experience as a law enforcement officer, and provided the following factual basis for the warrant. (*Id.* at 1–2.)

Beginning in April 2021, Officer Fletcher and other officers from the DEA Task Force investigated Bigbee for potential drug trafficking. (*Id.* at 3.) In the ten days leading up to the issuance of the warrant, DEA officers surveilled Bigbee as he was driving. (*Id.*) Bigbee "conducted counter surveillance measures" such as frequently switching lanes, pulling into parking lots, running red lights, and varying his driving speed while approaching the Elko Residence. (*Id.*) Officer Fletcher knows from training and experience that this is a counter-surveillance tactic often used by individuals involved an illicit activity to avoid detection by law enforcement. (*Id.*)

Officer Fletcher learned that Bigbee was the target of an ongoing investigation by other DEA agents and a local drug task force, had been indicted by a federal grand jury for drug trafficking crimes, had an outstanding federal arrest warrant, and has an extensive arrest and conviction history involving narcotics, weapons, assaults, fleeing

police, burglary, arson, and other crimes. (*Id.*) Officer Fletcher knew that Bigbee was involved in the collection and smuggling of bulk currency gained as the result of the sale of controlled substances—specifically methamphetamine—and utilized the Elko Residence to facilitate such activities. (*Id.* at 4.) Law enforcement also located stolen vehicles at the Elko Residence in 2020. (*Id.* at 3.)

The state court approved Officer Fletcher's warrant application, which allowed law enforcement to conduct an anticipatory canine sniff search along the curtilage of the Elko Residence. The application did not identify the specific canine that would be used but stated that it would be a "certified police narcotics detecting canine (K9) team recognized by the United States Police Canine Association." (*Id.* at 4.) Law enforcement could not execute the search warrant unless the canine indicated the presence of drugs. (*Id.*)

The officers arrived at the Elko Residence on May 6, 2021, and arrested Bigbee pursuant to the outstanding federal warrant. (Mot. Hr'g Tr. 30:5–31:2, Sept. 12, 2022, Docket No. 145.) After Bigbee had been taken from the premises, a drug detecting canine was instructed to search for drugs outside of the Elko Residence. (*Id.* 32:9–33:16.) The dog indicated a positive alert for the "odor of narcotics" at a door to the residence. (*Id.* 35:17–36:10.) The officers then executed the anticipatory warrant, which revealed methamphetamine and other evidence. Bigbee was indicted in a superseding indictment on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and three counts of possession with intent to

distribute a controlled substance pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

(Superseding Indictment, May 19, 2022, Docket No. 122.)

## II.   PROCEDURAL HISTORY

Bigbee moved to suppress all evidence collected at the Elko Residence pursuant to

Federal Rule of Criminal Procedure 12.  (3rd Mot. Suppress Evid., June 23, 2022, Docket

No. 125.)  Bigbee challenged the probable cause for the search warrant, arguing that the

search warrant application failed to connect the Elko Residence to any illegal activity.  (*Id.*

at 3.)  Bigbee further argued that the drug detecting canine's positive alert was unreliable

because Officer Fletcher did not establish the canine's training and certification.  (*Id.* at

4–5.)  The United States opposed Bigbee's motion.  (Resp. Defs.' Mots. Suppress, July 7,

2022, Docket No. 129.)

The Magistrate Judge held a hearing on the suppression motion and requested that

the parties file additional post-hearing briefing.  (Order, Aug. 16, 2022, Docket No. 139.)

Bigbee shifted his argument slightly after the hearing, arguing that the search warrant

failed to establish a nexus between the Elko Residence and any illegal activity, and that

the canine's positive alert at the residence does not save the search warrant because the

*Leon* good-faith exception to the warrant requirement is not satisfied.  (*See generally*

Defs.' Mem. Supp. 3rd Mot. Suppress Evid., Oct. 11, 2022, Docket No. 153.)

After considering the parties' positions, the Magistrate Judge issued a Report and

Recommendation ("R&R").  (R. & R., Nov. 21, 2022, Docket No. 159.)  The Magistrate

Judge recommended that the Court deny Bigbee's suppression motion.  (*Id.* at 15.)  The

Magistrate Judge found that the affidavit sufficiently established the canine's reliability, and that Bigbee's extensive drug trafficking history and counter-surveillance behavior indicated a high probability that evidence of Bigbee's drug trafficking would be found at the property.  (*Id.* at 13)  Further, even if probable cause did not exist, the good-faith exception to the exclusionary rule established in *Leon* would apply.  (*Id.* at 13–15.)

Bigbee objects to the R&R.  (Obj. R. & R., Dec. 5, 2022, Docket No. 164.)  He again argues that the search warrant application failed to establish a nexus between the Elko Residence and any illegal activity, and that Officer Fletcher failed to establish the canine's reliability in the search warrant application.  (*See generally* Def.'s Mem. Supp. Obj. R. & R., Dec. 5, 2022, Docket No. 165.)

## DISCUSSION

### I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a

magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.     ANALYSIS

### A.     Nexus Between Elko Residence and Illegal Activity

The Fourth Amendment requires that a search warrant may only be issued if it is supported by probable cause.  U.S. Const. amend. IV.  The "chief evil" deterred by the Fourth Amendment is the physical invasion of the home.  *Payton v. New York*, 445 U.S. 573, 585 (1980).  An individual's right to be "free from unreasonable governmental intrusion" into their home is vital to the Fourth Amendment.  *Kyllo v. United States*, 533 U.S. 27, 31 (2001) (citation omitted).  In determining whether probable cause exists, the search warrant must demonstrate that given all the circumstances set forth in the affidavit, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  This requires the issuing judge to look at the totality of the circumstances.  *Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998).  When a search warrant is based solely on an affidavit, courts may only consider "that information which is found within the four corners of the affidavit" to determine the existence of probable cause.  *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005).

Officer Fletcher's application demonstrates that probable cause existed to search Bigbee's residence.  The affidavit details the surveillance avoidance techniques that Bigbee employed when driving home, his felony arrest warrant, the current investigation

into his drug activities, and his extensive criminal history.  As the Magistrate Judge noted, these facts "indicated a fair probability that evidence of Defendant's drug trafficking would be found at the property."  (R. & R. at 13.)  *See also United States v. Duran*, 109 F. Supp. 3d 1093, 1102 (D. Minn. 2015) (finding probable cause to search a residence in part because an individual was "driving around conducting counter-surveillance" measures); *United States v. Bucks*, No. 06-305, 2006 WL 3611319, at *3–4 (D. Minn. Dec. 11, 2006) (same).

Bigbee relies on *Brown*, a Sixth Circuit case that held there was no probable cause to search a residence when the search warrant application failed to include any references to illegal activity at Brown's residence.  *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016).  Not only is that case not binding on the Court, but it is also easily distinguishable.  In *Brown*, it was dispositive that the search warrant affidavit "contained no evidence that Brown distributed narcotics from his home, that he used it to store narcotics, or that any suspicious activity had taken place there."  *Id.*  That is not the case here.   Officer Fletcher's affidavit indicates that Bigbee avoided surveillance when returning to the Elko Residence, that stolen vehicles had previously been found there, and Officer Fletcher had reason to know that Bigbee utilized the Elko Residence to facilitate illegal activity.  The search warrant affidavit provides the necessary nexus between the Elko Residence and contraband.

Because the search warrant application affidavit established the necessary nexus between the Elko Residence and illicit activity, the Magistrate Judge did not err as to this issue.

**B.      Canine Reliability**

Next, Bigbee argues that the canine's positive alert, which was a condition precedent to law enforcement's execution of the search warrant, is not sufficient to establish probable cause.  Bigbee argues that a canine sniff cannot supply probable cause for a warrant if the warrant application does not establish the canine's reliability.

It is true that a canine's reliability must be established for its alert to support probable cause.  *See generally Fla. v. Harris*, 568 U.S. 237, 246–47 (2013).  "[E]vidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert."  *Id.* at 246.  If a bona fide organization has certified a canine, then the court can presume "that the dog's alert provides probable cause to search."  *Id.* at 247.  Here, the warrant application indicated that the canine used would be recognized by the United States Police Canine Association, which many courts have noted is a bona fide organization capable of certifying canines for this purpose.[1] Accordingly, the search warrant application established the canine's reliability.  Though

---

[1] *E.g., United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999) (finding that probable cause to search a package for illegal drugs exists when a canine certified by the United States Police Canine Association alerts to the package); *United States v. Harden*, No. 20-201, 2021 WL 6427705, at *9–10 (D. Minn. Nov. 15, 2021) (finding canines certified by the United States Police Canine Association reliable).

Bigbee argues to the contrary, there is no requirement that the search warrant application set forth details of the specific canine that will be used and their extensive training history.  *See United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999) ("An affidavit need not give a detailed account of the dog's track record or education."). Stating that they will be certified by the United States Police Canine Association is sufficient. *Id.*

Further, the canine positively alerted to the presence of illegal drugs, which was the condition precedent to law enforcement executing the search warrant.  "Most anticipatory warrants subject their execution to some condition precedent other than the mere passage of time." *United States v. Grubbs*, 547 U.S. 90, 94 (2006).  "Occurrence of the triggering condition establishes the requisite connection between the item described in the warrant and the searched location." *United States v. Brown*, 929 F.3d 1030, 1038 (8th Cir. 2019) (quoting *Grubbs*, 547 U.S. at 94) (internal citation omitted).  Here, the canine positively alerted to the "odor of narcotics" at the door to the Elko Residence.  This triggering condition established the necessary probable cause to search the Elko Residence.[2]

---

[2] Because the Court determines that the search warrant was supported by probable cause, it need not consider whether this falls within the good faith exception to the warrant requirement set forth in *United States v. Leon*, 468 U.S. 897, 900, 922–23 (1984).

**CONCLUSION**

Because the search warrant application sufficiently set forth the nexus between the Elko Residence and illegal activity, as well as the reliability of the canine to be used, there was sufficient probable cause to search the Elko Residence.  The Court will therefore overrule Bigbee's objections and adopt the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Objection to the Report and Recommendation [Docket No. 164] is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 159] is **ADOPTED**.

3. Defendant's Third Motion to Suppress Evidence [Docket No. 125] is **DENIED**.


DATED:  January 6, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge